## ATTORNEY GRIEVANCE COMMISSION OF MARYLAND *v.* RALPH JOSEPH GARSON, JR.

[Misc. Docket (Subtitle BV) No. 3, September Term, 1979.]

*Decided May 2, 1980.*

·The cause was argued before SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Henry J. Myerberg, Assistant Bar Counsel,* for petitioner.

No appearance by respondent.

SMITH, J., delivered the opinion of the Court.

The Attorney Grievance Commission filed a petition with us seeking disciplinary action against Ralph Joseph Garson, Jr. It was alleged, and the trial judge to whom we referred the matter for hearing found, that he violated DR1-102 (A) (3), involving forging or procuring the forging and uttering of certain instruments; DR1-102 (A) (4), by engaging in conduct involving moral turpitude, fraud, deceit and misrepresentation when he lied to his client about certain

insurance drafts and fabricated excuses for not sending her the money due her; DR7-101 (A) (2), by failing to pay his client money due her under his contract of employment; DR9-102 (A), by depositing certain insurance drafts in his own personal account rather than in an identifiable bank account established for clients' funds; DR9-102 (B) (1) and (4), by failing promptly to notify his client of the receipt of insurance drafts and to deliver to her the money she was entitled to receive, and DR1-102 (A) (1), by violating the above Disciplinary Rules. It was likewise alleged and found that he violated DR1-102 (A) (4), by lying to other clients when he told them he had instituted proceedings for change of name; DR6-101 (A) (3), by neglecting to institute those proceedings; DR7-101 (A) (2), by failing to carry out his contract of employment with such clients although he had accepted payment therefor; DR7-102 (A) (5), by lying to his clients, and DR1-102 (A) (1), by violating the above Disciplinary Rules.

Bar Counsel, acting on behalf of the Attorney Grievance Commission, has recommended disbarment. Garson failed to appear at a duly set hearing relative to the sanction to be imposed.

It is clear under our cases that the sanction which should be imposed for such conduct is disbarment because the misappropriation by an attorney of funds of others entrusted to his care, be the amount small or large, is of great concern and represents the gravest form of professional misconduct. *See, e.g., Attorney Griev. Comm'n v. McBurney,* 283 Md. 628, 392 A.2d 81 (1978); *Attorney Griev. Comm'n v. Andresen,* 281 Md. 152, 160, 379 A.2d 159 (1977); *Bar Ass'n of Balto. City v. Carruth,* 271 Md. 720, 727, 319 A.2d 532 (1974) and *Bar Ass'n v. Marshall,* 269 Md. 510, 519, 307 A.2d 677 (1973).

His name shall be stricken forthwith from the rolls of those authorized to practice law in this State.

*It is so ordered.*