## ATTORNEY GRIEVANCE COMMISSION OF MARYLAND v. JOHN G. MICKA

[Misc. (BV) No. 6, September Term, 1980.]

*Decided November 20, 1980.*

The cause was submitted to SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

Submitted by *Henry J. Myerberg* and *Bruce L. Bortz, Assistant Bar Counsel,* for petitioner.

Submitted by *John G. Micka,* respondent.

SMITH, J., delivered the opinion of the Court.

Bar Counsel acting on behalf of the Attorney Grievance Commission filed a petition for disciplinary action against John G. Micka (Misc. Docket (Subtitle BV) No. 6, September Term, 1980). It alleged violation of a number of disciplinary rules. Pursuant to Maryland Rule BV9 we referred the matter to the Honorable Martin A. Wolff, Associate Judge of the Circuit Court for Anne Arundel County.

Judge Wolff made findings of fact which included that shortly before trial of a case by Micka on behalf of a client a settlement agreement was reached with the approval of the client; that Micka received the check for the amount involved payable to him and the client along with a release to be signed by the client; that instructions to Micka were to the effect that the check was to be held in escrow until the release was executed; that Micka signed the client's name "on the check, without the knowledge, authority or consent of [the client]", depositing that check on the date of its receipt in an account "in the name 'John G. Micka, Attorney at Law' [which] was a joint checking account with [Micka's wife]"; that when Micka received the release from his client some days later he then gave the client a check postdated by three days; that Micka's check was dishonored by the bank upon which it was drawn because of insufficient funds in the account; that the check was redeposited and again returned for insufficient funds; that the client then demanded a certified check for the full net proceeds but Micka sent two checks, one of which was a certified check for a part of the funds and the other of which was his personal check; that Micka's personal check was returned by the bank because of

insufficient funds; and that Micka wrote numerous checks on the account in which he had deposited the funds of his client "for personal and business reasons other than holding the funds of the client." From these facts his conclusions of law were that Micka had violated the various disciplinary rules as charged.

Micka filed no exceptions to the findings by Judge Wolff. He failed to appear at a duly set hearing relative to the sanction to be imposed. Bar Counsel has recommended disbarment.

It is clear under our cases that absent extenuating circumstances the sanction which should be imposed for such conduct is disbarment because the misappropriation by an attorney of funds of others entrusted to his care, be the amount small or large, is of great concern and represents the gravest form of professional misconduct. *See, e.g., Attorney Griev. Comm'n v. Garson,* 287 Md. 502, 503, 413 A.2d 564 (1980); *Attorney Griev. Comm'n v. McBurney,* 283 Md. 628, 392 A.2d 81 (1978); *Attorney Griev. Comm'n v. Andresen,* 281 Md. 152, 160, 379 A.2d 159 (1977); *Bar Ass'n of Balto. City v. Carruth,* 271 Md. 720, 727, 319 A.2d 532 (1974); and *Bar Ass'n v. Marshall,* 269 Md. 510, 519, 307 A.2d 677 (1973).

His name shall be stricken forthwith from the rolls of those authorized to practice law in this State.

> *It is so ordered; respondent shall pay all costs as taxed by the clerk of this Court, including the costs of all transcripts, pursuant to Maryland Rule BV15 c for which sum judgment is entered in favor of the Attorney Grievance Commission against John G. Micka.*